UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDY GRIFFIN,

    Petitioner,

v.   Case No. 8:17-cv-2750-CEH-UAM

SECRETARY, DEPARTMENT
OF CORRECTIONS and FLORIDA
COMMISSION ON
OFFENDER REVIEW,

    Respondents.
_____/

## ORDER

Petitioner Andy Griffin filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the revocation of his conditional release. (Doc. 11.) Having considered the petition (*id.*), the responses by the Department of Corrections ("the Department") (Doc. 17), and the Florida Commission on Offender Review ("the Commission") (Doc. 27), the supplemental response (Doc. 56), and the reply to the supplemental response (Doc. 63), the petition will be dismissed for lack of jurisdiction as moot.

Griffin entered the Department's custody in January 1993, after convictions for sale of marijuana, battery on a law enforcement officer, and resisting an officer with violence. (Doc. 56-9, pp. 1-2.) Griffin served part of his three-and-a-half-year sentence in prison before he was released on conditional release in July 1994. (*Id.*, pp. 1-2.) Conditional release is a "post-prison probation-type program." *Evans v. Singletary*, 737

1

So.2d 505, 507 (Fla. 1999). Under the conditional release program, "when an inmate is released due to gain time . . . instead of going free as other offenders would do . . . these offenders are placed on supervision for the amount of time equal to the gain time they have accrued." *Id*. If a prisoner violates the terms of conditional release, "gain time is forfeited and [he] is returned to continue serving the sentence(s)." *Id*.

After he was released on conditional release in 1994, Griffin was charged with and convicted of kidnapping. (Doc. 28-4, doc. pp. 15-18.) In 1996, he was sentenced to 25 years in prison. (*Id*., doc. pp. 19-21.) Griffin's conditional release was revoked upon his return to Department custody. (Doc. 56-9, pp. 2-3.) In 2012, following a Commission review, Griffin was released on conditional release until August 5, 2021. (Doc. 28-6, Ex. 3, doc. pp. 2-9.)

In August 2014, officers conducting a residence check reported that Griffin had violated the terms of conditional release. In September 2014, after a hearing before a Commission officer, Griffin was found guilty of willfully and substantially violating supervision for using alcohol and obstructing law enforcement. (Doc. 28-7, doc. pp. 5-11.) On November 5, 2014, the Commission revoked Griffin's conditional release. (Doc. 28-8, doc. p. 16.)

In his petition, Griffin alleges that this November 2014 revocation was based on inaccurate information. The Commission filed a response opposing Griffin's petition. (Doc. 27.) Although Griffin did not reply to the response, he informed the Court that he was released from prison on conditional release in February 2019. (Doc. 50.) In supplemental briefing on whether Griffin's release rendered this action moot, the

parties maintained that the action was not moot at that time because Griffin's sentence had not yet expired, thus subjecting him to the potential of further incarceration. (Docs. 56, 63.)

A further review of the record and the authorities addressed in the supplemental briefing show that this action is now moot. After his February 2019 release on conditional release, Griffin returned to the Department in February 2020, and his conditional release was again revoked. (Doc. 56-9, pp. 4-5.) At that time, the Department set Griffin's maximum release date as September 15, 2021. (*Id.*, p. 5.) The maximum release date is "the date the inmate would have been released had no gain-time or provisional credits been awarded." *Parole Comm'n v. Cooper*, 701 So.2d 543, 545 (Fla. 1997). Supervision "is to continue only up through the maximum release date." *Id*.

The Court takes judicial notice of the Department's website, which shows that Griffin was released from prison on August 1, 2021, and has not returned to prison since that date.[1] It appears that Griffin was released on conditional release on August 1, 2021, but there is no indication that he was alleged to have violated the terms of conditional release between that date and his September 15, 2021 maximum release date. Thus, Griffin's sentence expired on the maximum release date of September 15, 2021.

---

[1] *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

A habeas petition that only challenges a prisoner's sentence becomes moot upon the completion of that sentence. Mootness is a jurisdictional issue which may be raised by the Court *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971). "Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' or 'Controversies.' " *Mitchell v. Middlebrooks*, 287 F. App'x 772, 773 (11th Cir. 2008). "Thus, if an event occurring after the filing of the lawsuit deprives 'the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.' " *Id*. (quoting *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002)). "

A court must find a case moot where it "can no longer offer any effective relief to the claimant." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). The dismissal of a moot case for lack of jurisdiction may occur at any stage of the proceeding. *See United States v. Koblan*, 478 F.3d 1324, 1325 (11th Cir. 2007). A court cannot decide the merits of a moot action. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[A] federal court has no authority to give opinions upon moot questions or abstract propositions . . . ." (internal quotation marks and citation omitted)).

Griffin's petition does not challenge the validity of his underlying convictions. Rather, it challenges how the Commission structured his sentence by revoking his conditional release in November 2014. Accordingly, the expiration of Griffin's sentence renders this action moot. *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (affirming the dismissal of a § 2254 petition for lack of jurisdiction as moot

4

because the petitioner attacked the State's calculation of his gain time credits, and the petitioner was no longer in custody); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding a case moot when the petitioner's "ultimate objective in bringing [the] action was to obtain parole" and he was released on parole during his appeal).

As Griffin is no longer subject to imprisonment or supervised release for his now-completed sentence, the action is moot, and the Court lacks jurisdiction to consider Griffin's petition. The Court cannot issue a certificate of appealability (COA). *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (stating that the district court could not issue a COA when it lacked jurisdiction over a successive § 2254 petition).

Accordingly, Griffin's amended petition for writ of habeas corpus (Doc. 11) is **DISMISSED without prejudice** for lack of jurisdiction as moot. The **CLERK** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 27, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge